The UNITED STATES of America,
Plaintiff—Appellee,

v.

Oleh Rostyslaw STOWBUNENKO-
SAITSCHENKO, Defendant—
Appellant.

No. 07–10379.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2008.

Filed Dec. 22, 2008.

John Robert Lopez, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Nancy Hinchcilffe, Esquire, Phoenix, AZ, for Defendant–Appellant.

Before: WARDLAW and CANBY, Circuit Judges, and TRAGER *, District Judge.

**MEMORANDUM***

Oleh Rostyslaw Stowbunenko–Saitschenko ("Stowbunenko") appeals his conviction and sentence for Bringing in Illegal Aliens to the United States under 8 U.S.C. § 1324(a)(2) and his conviction for Encouraging Illegal Aliens to Enter the United States under 8 U.S.C. § 1324(a)(1)(A)(iv) and (a)(1)(A)(v)(I). These convictions resulted from an incident in which Stowbunenko, a naturalized American citizen who claims to be a member of an Indian tribe known as the Little Shell Pembina Band of North America ("PNLSB"), issued certificates of PNLSB membership to two Mexi-

---

* The Honorable David G. Trager, District Court Judge, Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

can nationals and then attempted to cross the border from Mexico to the United States with the Mexican nationals. At Stowbunenko's urging, the Mexican nationals tried to use their tribal membership documents to secure entry to the United States. Stowbunenko was convicted of the above counts following a jury trial and sentenced principally to time served.

On appeal, Stowbunenko contends that (1) he and the Mexican nationals had a right to cross the U.S.-Mexico border because of their tribal membership as a result of either (a) the PNLSB's aboriginal right of passage or (b) the tribe's inherent sovereign rights,[1] (2) his jury instructions violated the Fifth Amendment in that they instructed the jury to convict without regard to any tribal affiliation, and (3) remand to the district court is necessary (a) to correct the district court's judgment, which erroneously indicates that Stowbunenko's conviction for 8 U.S.C. § 1324(a)(2) is a class E felony, when it is actually a class A misdemeanor, and (b) for resentencing because the district court misunderstood the severity of the offense. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

On all matters of substance we affirm the district court. The case is, however, remanded for the limited purpose of correcting the judgment to reflect that Stowbunenko's conviction for Bringing in Illegal Aliens to the United States under 8 U.S.C. § 1324(a)(2) is a misdemeanor rather than a felony.

## DISCUSSION

We reject Stowbunenko's claim that his convictions are invalid because the Mexican nationals, as PNLSB members, had an aboriginal and a sovereign right to cross the U.S.-Mexico border.[2] First, there is no indication in the record that the PNLSB has either an aboriginal or sovereign right to cross the U.S.-Mexico border. Both of these types of rights require that the claimed right have been traditionally exercised. *See Wahkiakum Band of Chinook Indians v. Bateman*, 655 F.2d 176, 180 n. 12 (9th Cir.1981) (discussing aboriginal rights); *State of Montana v. Gilham*, 133 F.3d 1133, 1137 (9th Cir.1998) (discussing tribal sovereignty). There is no evidence that the PNLSB exercised a traditional right to cross the U.S.-Mexico border. Indeed, their land claims are in North Dakota and Minnesota—far from Mexico. Nor is there a treaty guaranteeing the PNLSB a right to cross the U.S.-Mexico border. Because there is no aboriginal or treaty right to cross the U.S.-Mexico border, the generally applicable immigration laws govern the defendants' conduct even if they are Indian tribal members. *See Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113, 1115 (9th Cir.1985). This finding also disposes of Stowbunenko's claim that the jury instructions violated his Fifth Amendment rights as the instruction that his guilt did not depend on tribal membership was substantially correct.

Though the convictions stand, a remand is necessary to correct a clerical error in the district court's judgment. Stowbunenko correctly notes that the district court erroneously entered his conviction for Bringing in Illegal Aliens to the United States as a felony when it is in fact a class A misdemeanor. *See* 8 U.S.C. § 1324(a)(2)(A); 18 U.S.C. § 3559(a)(6). A

---

1. Stowbunenko's brief does not state this claim with precision, but the issue is considered here for the sake of completeness.

2. It is far from clear that the PNLSB is a recognized Indian tribe and that the Mexican nationals are members. However, these facts are assumed for purposes of argument.

remand is therefore appropriate to correct this error. There is, however, no basis for resentencing as the district court appears to have understood the gradation of the charge when it imposed the sentence, if not when it composed its written judgment more than two months later. Accordingly, the case is remanded for the limited purpose of correcting the judgment to reflect the fact that Stowbunenko's conviction for Bringing in Illegal Aliens to the United States is a class A misdemeanor.

**AFFIRMED IN PART AND RE-MANDED IN PART.**

---

\* The Honorable David G. Trager, District Court Judge, Eastern District of New York, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.